UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN VACCARINO, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff(s),<br><br>　　　-against-<br><br>ARCON CREDIT SOLUTIONS LLC; and RAZOR CAPITAL LLC,<br><br>　　　　　　Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.　The mailing addresses of the parties to this action are:

JOHN VACCARINO
15 Summerset Lane, Unit #517
Edgewater, New Jersey 07020

ARCON CREDIT SOLUTIONS LLC
8425 Seasons Parkway, #106
Woodbury, Minnesota 55125

RAZOR CAPITAL LLC
8000 Norman Center Drive, #860
Minneapolis, Minnesota 55437

**PRELIMINARY STATEMENT**

2.　Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, ARCON CREDIT SOLUTIONS LLC ("ARCON"); RAZOR CAPITAL LLC ("RAZOR CAPITAL") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt

Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Bergen County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. ARCON maintains a location at 8425 Seasons Parkway, #106, Woodbury, Minnesota 55125.

8. RAZOR CAPITAL maintains a location at 8000 Norman Center Drive, #860, Minnesota, Minnesota 55437.

9. ARCON uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10. RAZOR CAPITAL uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

11. ARCON is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12. RAZOR CAPITAL is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

15. This Action is properly maintained as a class action. The Classes are initially defined as:

> CLASS A - All New Jersey consumers who were sent letters and/or notices from ARCON in an attempt to collect on a judgment, which was owned by RAZOR CAPITAL. See Exhibit A
>
> CLASS B - All New Jersey consumers who were sent initial letters and/or notices in an attempt to collect on a judgment for any creditor where costs and/or fees were still accruing on the judgment, but the initial letters and/or notices failed to advise that the balance was subject to increase due to these costs and/or fees. See Exhibit A
>
> The class definitions may be subsequently modified or refined.

<u>The Class period begins one year prior to the filing of this Action.</u>

<u>The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action</u>.

16. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

   b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

      ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory relief.

  c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. At some time prior to October 1, 2021, Plaintiff allegedly incurred a financial obligation to CREDIT ONE BANK N.A. ("CREDIT ONE").

22. The CREDIT ONE obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. Plaintiff incurred the CREDIT ONE obligation by obtaining goods and services which were primarily for personal, family and household purposes.

24. The CREDIT ONE obligation did not arise out of a transaction that was for non-personal use.

25. The CREDIT ONE obligation did not arise out of a transaction that was for business use.

26. The CREDIT ONE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. CREDIT ONE is a "creditor" as defined by 15 U.S.C. § 1692a(4).

28. On or about February 23, 2015, a judgment was obtained against Plaintiff concerning the CREDIT ONE obligation.

29. In an attempt to collect on the judgment, Defendants caused to be delivered to Plaintiff a letter dated October 1, 2021, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The October 1, 2021 letter was sent to Plaintiff in connection with the collection of the CREDIT ONE judgment.

31. The October 1, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. The October 1, 2021 letter was the initial written communication that Plaintiff received from Defendant concerning the CREDIT ONE obligation.

33. No other written communication was received by Plaintiff from Defendant within five days of the October 1, 2021 letter.

34. Upon receipt, Plaintiff read the October 1, 2021 letter.

35. The October 1, 2021 letter provides the following information regarding the balance claimed due on the CREDIT ONE obligation:

Current Balance:  $2,416.60

36. The October 1, 2021 letter did not itemize or breakdown the amount of the debt by principal, interest, fees and other charges.

37. The outstanding balance claimed to be due by Defendants on the CREDIT ONE obligation as of October 1, 2021 included an amount for interest, fees and/or other charges.

38. The October 1, 2021 letter does not advise that the CREDIT ONE obligation was subject to increase by court costs and/or fees.

39. The October 1, 2021 letter stated in part:

### NOTICE OF JUDGMENT COLLECTION

Dear John Vaccarino,

**Arcon Credit Solutions LLC has been contracted to lead and represent in the collection of the judgment** awarded on your Credit One Bank N.A. account. This judgment, judgment number 1740/14 was awarded on 02/23/2015 and holds a current balance of $2,415.60 (emphasis added)

### THIS JUDGMENT MAY BE FORWARDED TO AN ATTORNEY FOR EXECUTION

We have been given authorization to negotiate **SETTLEMENT** terms for **SATISFACTION OF THE JUDGMENT** entered against you.  Please review the following settlement opportunities to make voluntary resolution of your judgment a reality.

| Option #1 | Option #2 | Option #3 |
|---|---|---|
| Settle your judgment now for a lump sum payment of $1,449.95 on your outstanding balance! | Extend your time and settle your judgment in 9 monthly payments of $187.98. This is a savings of $724.78 on your outstanding balance! | Further extend your time and settle your judgment in 15 monthly payments of $128.89. This option saves you 20% and further extends your settlement term to 15 months. |

40.The October 1, 2021 letter also stated in part:

>To take advantage of one of these opportunities to settle your judgment and avoid the possibility of this judgment being forwarded to an attorney for attempted execution, please call Roy Buckholz at 833-398-8283 or pay online at **securepay.arconcredit.com**.  Please recognize that interest is accruing on your judgment. Because of interest being added, the amount due on the day you pay may be greater.  These offers are valid for 40 days from the date of this letter. We are not obligated to renew this offer.
>
>This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
>Roy Buckholz
>Arcon Credit Solutions LLC

41.The October 1, 2021 letter did not contain the notices required by 15 U.S.C. § 1692g(a)(3) through (5).

42.The October 1, 2021 letter threatens legal action in that it threatens to forward the account to an attorney for execution.

43.ARCON was granted the authority to choose the attorney that the account would be forwarded to for execution.

44. ARCON would solely choose the attorney if the account was forwarded for execution.

45. ARCON was granted the authority to hire the attorney that the account would be forwarded to for execution.

46. ARCON would solely retain the attorney if the account was forwarded for execution.

47. ARCON would advance any costs or fees necessary for the execution of the account if the account was forwarded to an attorney for execution.

48. ARCON was granted the authority to negotiate any terms towards satisfying the judgment.

49. ARCON has engaged in the unauthorized practice of law and has threatened to continue engaging in the unauthorized practice of law.

50. ARCON knew or should have known that its actions violated the FDCPA.

51. RAZOR CAPITAL knew or should have known that its actions violated the FDCPA.

52. The Defendants knowingly engaged in the conduct described herein.

53. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## **POLICIES AND PRACTICES COMPLAINED OF**

54. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

  (c) Using unfair or unconscionable means to collect or attempt to collect any debt;

  (d) Making a false representation of the character or amount of the debt;

  (e) Failing to effectively convey the amount of the debt; and

  (f) Failing to provide notices required by the FDCPA.

55. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS**

56. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

57. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

58. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

59. Defendants' attempt to collect the alleged debt as described herein violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); § 1692g(a)(1); § 1692g(a)(3); § 1692g(a)(4); and § 1692g(a)(5).

60. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

61. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

62. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the CREDIT ONE obligation included an amount for interest, fees, attorney fees, costs and/or charges.

63. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the CREDIT ONE obligation was subject to increase due to costs and/or fees.

64. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

65. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

66. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

67. Defendants violated 15 U.S.C. § 1692e(2)(A) by failing to advise Plaintiff and others similarly situated that court costs and/or fees were continuing to accrue on the judgment obtained.

68. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

69. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

70. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

71. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

72. 15 U.S.C. § 1692g(a)(1) of the FDCPA requires that the debt collector effectively convey the amount of the debt.

73. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to itemize the components that comprised the amount of the debt.

74. Defendants violated 15 U.S.C. § 1692g(a)(1) by presenting the amount of the debt as a single lump sum.

75. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to provide a itemization of the obligation by principal, interest, attorney fees, other charges and/or credits.

76. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

77. Defendants violated 15 U.S.C. § 1692g(a)(3)-(5) by failing to provide the notices required by those sections of the FDCPA.

78. Defendant ARCON is vicariously liable for any violations of the FDCPA that RAZOR CAPITAL committed as described herein.

79. Defendant RAZOR CAPITAL is vicariously liable for any violations of the FDCPA that ARCON committed as described herein. See Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994); Pollice v. National Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000).

80. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

81. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

82. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

83. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

84. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

85. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 8, 2021                         Respectfully submitted,

                                        By:   s/ Joseph K. Jones
                                              Joseph K. Jones, Esq. (JJ5509)
                                              JONES, WOLF & KAPASI, LLC
                                              375 Passaic Avenue
                                              Fairfield, New Jersey 07004
                                              (973) 227-5900 telephone
                                              (973) 244-0019 facsimile
                                              jkj@legaljones.com

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 8, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)

# EXHIBIT

# A

**ARCON CREDIT**
8425 Seasons Parkway Suite 106, Woodbury, MN 55125

securepay.arconcredit.com
Call us toll free at 833-398-8283
TTY: 800-877-8339
(CT) Monday - Friday: 8am - 6pm

**Account Information**

| | |
|---|---|
| Arcon Credit Solutions Ref #: | |
| Original Account Number: | |
| Original Creditor: | Credit One Bank N.A. |
| Current Creditor: | Razor Capital LLC |
| Merchant: | N/A |
| Current Balance: | $2,416.60 |

10/01/2021

## NOTICE OF JUDGMENT COLLECTION

Dear John Vaccarino,

Arcon Credit Solutions LLC has been contracted to lead and represent in the collection of the judgment awarded on your Credit One Bank N.A. account. This judgment, judgment number: 1740/14, was awarded on 02/23/2015 and holds a current balance of $2,416.60.

**THIS JUDGMENT MAY BE FORWARDED TO AN ATTORNEY FOR EXECUTION**

We have been given authorization to negotiate **SETTLEMENT** terms for **SATISFACTION OF THE JUDGMENT** entered against you. Please review the following settlement opportunities to make voluntary resolution of your judgment a reality:

| Option #1 | Option #2 | Option #3 |
|---|---|---|
| Settle your judgment now for a lump-sum payment of $1,449.96 on your outstanding balance! | Extend your time and settle your judgment in 9 monthly payments of $187.96. This is a savings of $724.96 on your outstanding balance! | Further extend your time and settle your judgment in 15 monthly payments of $128.89. This option saves you 20% and further extends your settlement term to 15 months. |

To resolve your debt online, please visit us at securepay.arconcredit.com

To take advantage of one of these opportunities to settle your judgment and avoid the possibility of this judgment being forwarded to an attorney for attempted execution, please call Roy Buchholz at 833-398-8283 or pay online at securepay.arconcredit.com. Please recognize that interest is accruing on your judgment. Because of interest being added, the amount due on the day you pay may be greater. These offers are valid for 40 days from the date after you receive this letter. We are not obligated to renew this offer.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Roy Buchholz
Arcon Credit Solutions LLC

---

| | |
|---|---|
| Please call 833-398-8283 to see how you can best resolve your situation. | Please scan this code to be directed to our secure payment portal. |
| Mail all checks and payments to:<br>Arcon Credit Solutions LLC<br>8425 Seasons Parkway Suite 106<br>Woodbury, MN 55125 | To resolve your debt online, please visit us at:<br>securepay.arconcredit.com |

**PLEASE DETACH AND RETURN LOWER PORTION WITH YOUR PAYMENT.**



Arcon Credit Solutions LLC
8425 Seasons Parkway Suite 106
Woodbury, MN 55125

ADDRESS SERVICE REQUESTED

10/01/2021

Please visit us at: securepay.arconcredit.com

Original Account #:
ACS Reference #:
Current Balance:   $2,416.60